By the Court.—O’Gorman, J.
It is set forth in the petition, that Louisa Mang, an infant, was driven over by the team and wagon, of which the Schaefer Brewing Company are the owners, and severely injured thereby; that the petitioner is her father, and desires to be appointed her guardian ad litem, to bring suit on her behalf against said company ; that he is forty-three years old, has a wife and five children to support, and earns two dollars a day in the employment of one Fischer, a manufacturer of pianos.
That neither he nor his child Louisa has any relatives or friends of greater means than himself, who would assume the position of guardian ad litem.
The Code of Civil Procedure, section 469, provides that, “ before a summons is issued, in the name of an infant plaintiff, a competent and responsible person must be ap- *97 ■ pointed to appear as Ms guardian for the purpose of the action, who shall be responsible for the costs thereof.”
Rule 49 provides that no person shall be appointed a guardian ad litem who is not of sufficient ability to answer to the infant for any damage which may be sustained by his negligence or misconduct in the defense dr prosecution of the suit, and such ability must be shown by the affidavit stating facts in respect thereof.
In accordance with this rule, in McDonald v. Brass, &c. Manufacturing Co., supreme court, second department (1877), 2 Abb. N. C. 434, Judge Barnard held, that the guardian ad litem should not have been appointed, unless the papers on which the application was made,, showed her pecuniary responsibility; and stayed all proceedings until she had. given security for costs, with sureties.
In the face of these provisions of law and this authority, the learned judge át special term would not have been justified in relaxing the strictness of the rule.
It may work a hardship in this particular instance. But the uncertainty of the law is one of the most dangerous of the defects which can be charged against it, and when rules cease to be binding they cease to be rules.
The order appealed from must be affirmed, without costs.
Sedgwick, Ch. J., concurred.